IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA TEDDER AND RICHARD McCLURE, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-2676 |
| | § | |
| USF&G SPECIALTY INSURANCE COMPANY, n/k/a GEOVERA INSURANCE COMPANY, and MATTHEW T. MAILEY, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from the 11ᵗʰ Judicial District Court of Harris County, Texas on diversity jurisdiction[1] and alleging breach of insurance contract, fraud, conspiracy to commit fraud, violations of the Texas Insurance Code §§ 541 (unfair settlement practices) and 542 (failure to promptly investigate and pay claims), and breach of the duty of good faith and fair dealing, arising out of nonpayment of insurance benefits, are two motions: (1) Defendant Matthew Mailey's ("Mailey's") motion to dismiss all claims against him for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 9(b) and 12(b)(6) or in the alternative, Defendant's motion for more definite statement under Rules 9(b) and 12(e)(instrument #11); and (2) Defendant GeoVera

---

[1] The propriety of the removal is not contested.

Specialty Insurance Company's ("GeoVera's") motion for partial dismissal (#12).

## Standards of Review

### Rule 12(b)(6)

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5th Cir. Mar. 15, 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . .

-2-

(1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).  "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ____ F.3d ____, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

-4-

cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

**Rule 9(b)**

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with

particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

The pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy'"), *quoting FC Inv. Group LLC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008).

If Plaintiffs fail to state a claim for fraud underlying their civil conspiracy claim, the civil conspiracy claim must be dismissed, too. *Allstate Ins. Co. v. Receivable Finance, Inc.,* 501 F.3d 398, 414 (5th Cir. 2007); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997)("Allegations of conspiracy are not actionable absent an underlying [tort]"); *Krames*

*v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 WL 762205, *10 (N.D. Tex. Mar. 24, 2009).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud and requires that all their circumstances be pleaded with particularity. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 & nn.5-6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742; *Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).

### Allegations in Plaintiff's Original Petition

Plaintiffs are owners of a Texas Homeowners Insurance Policy ("the policy"), issued and sold to Plaintiffs by GeoVera and

insuring their property located at 9018 Klondike Street, Houston, Texas 77075. When Hurricane Ike struck Harris County, Texas on September 12-13, 2008, Plaintiffs' home and its contents were severely damaged by wind and water. After they submitted a claim to GeoVera for the costs of repair and for living expenses, Mailey was assigned as the adjuster and inspected the property. GeoVera allegedly wrongfully denied or underpaid many of their damage claims, continues to delay such payments, and failed to pay their requests for additional living expenses.

Plaintiffs assert that Mailey violated Texas Insurance Code § 541.060(a), Unfair Settlement Practices, made actionable by § 541.151, in the following ways: (1) misrepresenting to Plaintiffs material facts relating to the coverage at issue (§ 541,060(1)); (2) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim despite the fact that liability under the policy is reasonably clear (§ 541.060(2)(A)); (3) failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy for the offer of a compromise settlement of Plaintiffs' claims (§ 541.060(3)); (4) failing within a reasonable time to affirm or deny coverage of the claims to Plaintiffs or to submit a reservation of rights to Plaintiffs (§ 541.060(4)); and (5) refusing to pay the claims without conducting a reasonable investigation (§ 541.060(7)). They maintain that they have a claim against Mailey because he is

individually liable for his unfair and deceptive acts even though he was acting on behalf of GeoVera because he is a "person," as defined by Texas Insurance Code § 541.002(2)(a "person" is "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, *including an agent, broker, adjuster* or life and health insurance counselor [emphasis added].") *See also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him under the Texas Insurance Code and subjecting him to individual liability).

Against both Mailey and GeoVera the petition asserts claims for common law fraud and conspiracy to commit fraud.

Plaintiffs charge GeoVera with intentional breach of insurance contract; noncompliance with the Texas Insurance Code for the same sections for the same conclusory claims as they asserted against Mailey (§§ 541.060(1),541.060(2)(A), 541.060(3), 541.060(4) and 541.060(7)); noncompliance with the Texas Insurance Code, Prompt Payment of Claims under § 542.055, 542.056, and 542.058; and breach of common law duty of good faith and fair dealing owed to insureds in insurance contracts, i.e., failure to adequately and reasonably investigate and evaluate Plaintiffs' claims even though

at the time GeoVera knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.

### Mailey's Motion to Dismiss

Mailey argues that Plaintiffs fail to state claims against him for fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code that satisfy the pleading standards of Rule 12(b)(6) and 9(b).

### GeoVera's Motion for Partial Summary Judgment

GeoVera moves to dismiss those claims against it other than breach of contract: fraud, conspiracy to commit fraud, violations of the Texas Insurance Code §§ 541 (unfair settlement practices) and 542 (failure to investigate and pay claims) under Rules 12(b)(6) and 9(b), and common law breach of the duty of good faith and fair dealing under Rule 12(b).

### Court's Ruling

Despite objections from Plaintiffs, who rely on pre-*Twombly* and *Iqbal* cases and misconstrue the current law, after reviewing the Petition and the law, the Court concurs with Defendants that the claims against Mailey and all but the breach of contract claim against GeoVera lack the factual support to satisfy Rules 12(b)(6) and, and specificity for the fraud-based claims, 9(b). The complaint consists of legal conclusions, boiler plate, formulaic recitations of statutory language, and elements of a cause of

action without the factual underpinnings required for a plausible claim against these particular defendants.[2]

---

[2] While the petition here fails to meet the heightened federal pleading requirements under *Twombly* and *Iqbal*, the situation is complicated by the fact that

> "Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. C.L. Westbrook*, 146 S.W. 3d 220, 232 (Tex. App.--Fort Worth 2004 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 896 (Tex. 2000)), [*rev'd on other grounds*, 231 S.W. 3d 389 (Tex. 2007)]. "The test of the 'fair notice' pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of controversy and testimony probably relevant." *City of Alamo v. Casas*, 960 S.W. 2d 240, 251 (Tex. App.-Corpus Christi 1997, pet. denied). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader basis his claim." *Auld*, 34 S.W. 3d at 897. A party's pleadings are to be construed liberally in favor of the pleader. *Id.*

*KIW, Inc. v. Zurich American Ins. Co.*, No. Civ. A. H-05-3240, 2005 WL 3434977, *3 (S.D. Tex. Dec. 14, 2005)(concluding that while the factual allegations in the petition were generic and minimal, the pleading met Texas' fair notice pleading standard and that as a matter of law all the asserted causes of action could be brought against an insurance agent defendant). *See also Urquilla v. Allstate Texas Lloyd's*, No. Civ. A. No. H-10-648, 2010 WL 3447591, *2-3 (S.D. Tex. Aug. 30, 2010)(citing *KIW* and holding that Plaintiff's allegations stated a claim under state law against a non-diverse defendant even though they only alleged the technical elements of a cause of action without factual support; concluding that the claims, if proven, created the reasonable possibility that Plaintiffs could prevail on these claims and thus there was no improper joinder).

Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):

> A petition is sufficiently pleaded if one can

Accordingly, the Court

ORDERS that Mailey's motion to dismiss (#11) and GeoVera's motion for partial dismissal (#12) are GRANTED, but Plaintiffs are GRANTED LEAVE after entry of this order to amend their pleadings within twenty days to attempt to meet the requirements of the Federal Rules of Civil Procedure.

---

reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W. 2d 593, 601 (Tex. 1993); *In re Credit Suisse First Boston Mortgage Capital, LLC*, 273 S.W. 3d 843, 850 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding)(petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not specifically alleged one of the elements of a claim); *In re P.D.D.*, 256 S.W. 3d 834, 939 (Tex. App.--Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W. 3d 323 (Tex. App.--Houston [14th Dist.] 2005, no pet.); *Tull v. Tull*,159 S.W. 3d 758, 762 (Tex. App.-Dallas 2005, no pet) . . . .*Woolam v. Tussing*, 54 S.W. 3d 442. 448 (Tex. App.--Corpus Christi 2001, no pet.)(pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated) . . . .

*See also* 58 Tex. Jur. 3d Pleading § 102 (Database updated October 2010)("In the absence of a special exception, a pleading will be construed liberally in the pleader's favor, and every reasonable intendment will be indulged in favor of the pleading.  The court will seek to discover the intendment of the pleader; and the pleading may be upheld even if some element of the cause of action or defense has not been specifically alleged.  Every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated.")(footnote citations omitted).

-12-

**SIGNED** at Houston, Texas, this <u>11th</u> day of <u>May</u>, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE